Carolyn Goldman (016440)
Vincent R. Mayr (013954)
**GOLDMAN & ZWILLINGER PLLC**
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
Email: docket@gzlawoffice.com
*Attorney for Creditors SAMT 2009 LLC,*
*Ross Family Holdings, L.L.C. and*
*Entrepreneur Opportunity Fund I, LP*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (In Proceedings under Chapter 7) |
| STEVE PANDI and EILEEN A QUEZADA, | Case No.: 2:16-bk-11585-SHG |
| Debtors. | **OBJECTION TO MOTION TO COMPEL ABANDONMENT OF LLC INTEREST IN 21229 NORTH 52ND AVENUE, LLC** |

    Creditors, SAMT 2009, LLC, Ross Family Holdings, LLC and Entrepreneur Opportunity Fund I, LP ("Creditors"), file this Objection to Motion to Compel Abandonment of LLC Interest in 21229 North 52nd Avenue, LLC.

1

1.    The Debtor alleges that real property located at 21229 N. 52nd Avenue, Glendale, Arizona 85308 ("Property") is encumbered by a second position Deed of Trust held by George Pandi and Efrosini a/k/a Francis Pandi ("George Pandi Second Deed of Trust").

2.    The Debtor further alleges that the George Pandi Second Deed of Trust secures a debt in the original principal sum of **$463,751.84**.

3.    The Debtor's prior attorney, Andrew Ellis, provided the undersigned counsel with a letter from attorney Donald Hudspeth dated April 16, 2016 representing that Steve Pandi's debt to George Pandi in the original principal sum of **$463,751.84** ***was paid in full*** as a result of George Pandi's repossession of inventory.  This letter is attached as Exhibit A.

4.    Accordingly, since the alleged loan by George Pandi was "paid in full" according to George Pandi's attorney, Donald Hudspeth, it no longer encumbers the Property and cannot be considered in determining the equity in the Property.

5.    It appears that now the Debtor may be trying to claim in the Schedules that there are two loans for the exact same amount of $463,751.84.  Attached as Exhibit B are pages 15 and 16 from the Schedules at Docket 34 filed October 29, 2016 in this case.

6.    However, what is contained in pages 15 and 16 of the Schedules does not comport with either:

        (a)    the Proofs of Claim filed in this bankruptcy case by George Pandi;

        (b)    the Promissory Note attached to one of the Proofs of Claim.

2

7. George Pandi filed two Proofs of Claim in this bankruptcy case, Claim No. 18, attached hereto as Exhibit C and Claim No. 17-1 attached hereto as Exhibit D. Claim No. 18 alleges the existence of an unsecured loan in the sum of $218,712.61 and therefore is not relevant to this response. Claim No. 17-1 asserts a secured claim and attaches a Promissory Note dated May 14, 2014 in the original principal sum of ***$463,751.84 -- the exact amount Donald Hudspeth represented was paid in full in Exhibit A.*** Claim No. 17-1 also attaches a ***second copy*** of the ***exact same promissory note*** with the dates next to the signature blocks in a different format. The alleged disbursement sheets which appear as the last attachments to this proof of claim do not comport with there being two loans both in the exact same sum of $463,751.84. In fact, at the time of the alleged loan or loans on May 14, 2014, according to the disbursement sheets, only the sum of $370,184.78 was allegedly disbursed prior to the promissory note or notes ever being signed, some of these sums allegedly years before.

8. The two promissory notes which were attached to Claim No. 17-1 are attached hereto again as Exhibits E and F. They are exactly the same except for the dates next to the signatures. They both provide on the first page that they are secured by the Property, a second property located in Peoria, Arizona and inventory. It is not credible that there are two loans both in the amount of $463,751.84.

9. Further weighing against the credibility of the proofs of claim, and the assertion that any loan for $463,751. 84 exists and remains unpaid, is that George Pandi did not file *any* proof of claim at all in Steve Pandi's prior bankruptcy, Case No. 2:15-bk-08302-DPC although

he was represented by counsel (Attorney Andrew Ellis who later represented Steve Pandi in the current bankruptcy).

10.     Moreover, Creditors believe that the alleged loan or loans of $463,751.84, the George Pandi Second Deed of Trust and the repossession of inventory are fraudulent transfers pursuant to the Arizona Uniform Fraudulent Transfer Act, A.R.S. § 44-1001 *et seq.,* and therefore, for this additional reason should not be considered in evaluating a lack of equity in the Property.   Creditors have asserted these transfers as fraudulent under state law as "actual fraud" pursuant to Section 523(a) of the Bankruptcy Code and *Husky Electronics v. Ritz,* 138 S.Ct. 1581, 1586 (U.S. 2016) in objecting to the dischargability of their debts and in an action in the Maricopa County Superior Court, Case No. CV2016-007636 seeking money judgments and George and Efrosini Pandi pursuant to the Arizona Uniform Fraudulent Transfer Act.

11.     The Debtor asserts that the value of the Property is $538,494.  Based upon the Debtor's assertion of value, and that the amount asserted in the first deed of trust is $400,453.19, the sum of over $135,000.00 in equity should be available to creditors.

12.     Because there is equity of more than $135,000 in the Property, the Property is not of "inconsequential value and benefit to the estate" pursuant to Section 554(b) of the Bankruptcy Code and should not be abandoned to the Debtor.

WHEREFORE, the Creditors request that the Court deny the Debtor's motion.

**DATED** this 30th day of June, 2017.

GOLDMAN & ZWILLINGER PLLC

By: */s/ Carolyn Goldman*
Carolyn Goldman
Vincent R. Mayr
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
*Attorneys for Creditors, SAMT 2009 LLC*
*("SAMT"), Ross Family Holdings, L.L.C.*
*("Ross") and Entrepreneur Opportunity Fund I,*
*LP ("EOF")*

## CERTIFICATE OF SERVICE

I, hereby certify that on June 30, 2017, I electronically transmitted the foregoing Response to the Clerk's office using the CM/ECF system for filing and transmitted of a Notice of Electronic Filing to the following registrants and others on the service list:

Carolyn R. Tatkin
**RADIX LAW, PLC**
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ 85254
tatkin@radixlaw.com
*Attorney for Debtors*

Eric M. Haley
Chapter 7 Trustee
PO Box 13390
Scottsdale, AZ  85267

Stuart Rodgers
**LANE & NACH, P.C.**
2001 E. Campbell, Suite 103
Phoenix, AZ 85016

*/s/ Jessica Frew*

# EXHIBIT A

# THE LAW OFFICES OF
# DONALD W. HUDSPETH, P.C.

## A PROFESSIONAL CORPORATION

*"The Business of our Firm is Business"*

Donald W. Hudspeth

Janae A. Perry-Meier

Craig W. Broadbent

April 6, 2016

Of Counsel:
Brian K. Stanley

Writer's Direct Email:DWH@AzBusLaw.com

**VIA U.S. MAIL AND EMAIL**
Steve Pandi
6940 W. Voltaire
Peoria, AZ 85381

Steve Pandi, President
Jumpin Jammerz L.L.C.
2406 S.24th St. Unit C-120
Phoenix, AZ 85034
       ***Re:***    ***Notice of Sale of Collateral by Secured Party***

Dear Mr. Pandi:

George Pandi has a recorded and perfected security interest in the inventory and assets of your company Jumpin Jammerz L.L.C. which you pledged as collateral for a loan. Pursuant to ARS §47-9620 George Pandi hereby gives notice of his intent to accept said collateral as full payment and satisfaction of the debt.

Under ARS §47-610(C)(2) a private tender and sale of the goods is appropriate because inventory and assets prices are widely quoted and there is a recognized market for the sale of this collateral.

A UCC search has been performed and a copy of this Notice will be sent to secured and other interested parties of record who are entitled to receive notice. If no objection to this proposed transaction is received within twenty (20) days then the sale shall be deemed final.

Please signify your consent to this payment and satisfaction by signing in the place provided below.

                          Respectfully yours,

                          Donald W. Hudspeth
                          For the Firm

ACCEPTED AND APPROVED

_____

By Steve Pandi, for himself and
Jumpin Jammerz L.L.C.
Date signed: _____04-11-2016_____

Cc George Pandi
1 Somerset Crescent
Redmond Hill
Ontario, L4C8N2

Cc Tom Pandi

3200 NORTH CENTRAL AVENUE, SUITE 2500  •  PHOENIX, ARIZONA 85012
TELEPHONE (602) 265-7997  •  FACSIMILE (602) 265-6099  •  E-MAIL THEFIRM@AZBUSLAW.com
www.AZBUSLAW.com

# EXHIBIT B

| | | | | |
|---|---|---|---|---|

■ Disputed

**Who owes the debt? Check one.**
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ■ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ■ Check if this claim relates to a community debt

**Nature of lien. Check all that apply.**
- ☐ An agreement you made (such as mortgage or secured car loan)
- ■ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Date debt was incurred   8/7/2015     Last 4 digits of account number   Lot1

---

**2.9**   CULVER CITY PROPERTIES LLC
Creditor's Name

4408 N 12TH ST STE 200
PHOENIX, AZ 85014
Number, Street, City, State & Zip Code

**Who owes the debt? Check one.**
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ■ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ■ Check if this claim relates to a community debt

Describe the property that secures the claim:    $326,000.00    $513,572.00    $0.00

21229 N 52ND AVE GLENDALE, AZ 85308 MARICOPA County

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ■ Disputed

**Nature of lien. Check all that apply.**
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ■ Other (including a right to offset)   FIRST DEED OF TRUST

Date debt was incurred   03/02/2015     Last 4 digits of account number

---

**2.10**   GEORGE PANDI
Creditor's Name

1 SOMERSET CRES
RICHMOND HILL ON L4C 8N2
CANADA
Number, Street, City, State & Zip Code

**Who owes the debt? Check one.**
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ■ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ■ Check if this claim relates to a community debt

Describe the property that secures the claim:    $463,751.84    $442,404.00    $440,387.13

6940 W VOLTAIRE AVE PEORIA, AZ 85381 MARICOPA County

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien. Check all that apply.**
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ■ Other (including a right to offset)   SECOND DEED OF TRUST

Date debt was incurred   05/20/2014     Last 4 digits of account number   7916

---

**2.11**   GEORGE PANDI     Describe the property that secures the claim:    $463,751.84    $513,572.00    $281,400.70

Official Form 106D    Additional Page of Schedule D: Creditors Who Have Claims Secured by Property    page 4 of 7

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 2:16-bk-11585-SHG   Doc 34   Filed 10/29/16   Entered 10/29/16 22:48:38   Desc
Case 2:16-bk-11585-SHG   Main Document   Filed 06/30/17   Entered 06/30/17 18:16:34   Desc
Main Document    Page 10 of 65

Debtor 1  **STEVE PANDI**
First Name / Middle Name / Last Name

Case number (If know)  **2:16-bk-11585-SHG**

Debtor 2  **EILEEN A QUEZADA**
First Name / Middle Name / Last Name

| | |
|---|---|
| Creditor's Name<br>**1 SOMERSET CRES**<br>**RICHMOND HILL ON L4C**<br>**8N2**<br>**CANADA**<br>Number, Street, City, State & Zip Code | **21229 N 52ND AVE GLENDALE, AZ**<br>**85308 MARICOPA County**<br><br>As of the date you file, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |

Who owes the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☑ Check if this claim relates to a community debt

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)  **SECOND DEED OF TRUST**

Date debt was incurred  **05/20/2014**      Last 4 digits of account number  **7915**

---

| 2.1 | **INTERNAL REVENUE** | Describe the property that secures the claim: | $832,978.72 | $0.00 | $832,978.72 |
|---|---|---|---|---|---|
| 2 | **SERVICE** | | | | |

Creditor's Name
**CENTRALIZED**
**INSOLVENCY**
**OPERATIONS**
**PO BOX 7346**
**PHILADELPHIA, PA**
**19101-7346**
Number, Street, City, State & Zip Code

*All of debtor(s) right, title and interest to property - 26 U.S.C. §6321.

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

Who owes the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☑ Check if this claim relates to a community debt

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)  **FEDERAL TAX LIEN**

Date debt was incurred  **04/20/2015**      Last 4 digits of account number  **3663**

---

| 2.1 | **JACK F KELLY and** | Describe the property that secures the claim: | $291,863.76 | $362,785.00 | $0.00 |
|---|---|---|---|---|---|
| 3 | **PATRICIA KELLY** | | | | |

Creditor's Name

**9783 NEWPORT COAST**
**CIR**
**LAS VEGAS, NV 89147**
Number, Street, City, State & Zip Code

**3806 RANCHO NIGUEL PKWY LAS VEGAS, NV 89147 CLARK County**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Who owes the debt? Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☑ Check if this claim relates to a community debt

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)  **FIRST DEED OF TRUST**

Date debt was incurred  **07/10/2013**      Last 4 digits of account number  **0000**

---

Official Form 106D      Additional Page of Schedule D: Creditors Who Have Claims Secured by Property      page 5 of 7

Software Copyright (c) 1996 2016 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

EXHIBIT C

**Fill in this information to identify the case:**

Debtor 1   STEVE PANDI

Debtor 2   EILEEN QUEZADA
(Spouse, if filing)

United States Bankruptcy Court   **District of Arizona**

Case number: 16-11585

FILED

**U.S. Bankruptcy Court**
**District of Arizona**

2/13/2017

**George Prentice, Clerk**

**Official Form 410**
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | GEORGE PANDI <br><br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☒ No <br> ☐ Yes. From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| GEORGE PANDI <br><br> Name <br><br> 1 SOMERSET CRES <br> RICHMOND HILL ON L4C 8N2 <br> CANADA <br><br> Contact phone   9058833080 <br> Contact email   politis40@hotmail.com <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): | <br> Name <br><br><br><br><br> Contact phone <br> Contact email |

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☒ No <br> ☐ Yes. Claim number on court claims registry (if known)    Filed on        MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No <br> ☐ Yes. Who made the earlier filing? |

Official Form 410        Proof of Claim        page 1

Case 2:16-bk-11585-SHG    Claim 18    Filed 02/13/17    Desc Main Document    Page 1 of 3
Case 2:16-bk-11585-SHG    Doc 187    Filed 06/30/17    Entered 06/30/17 18:16:34    Desc
Main Document    Page 13 of 65

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $ ___218712.61___    **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Money loaned, paid bills, interest charges on Credit card advances |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br><br>**Amount of the claim that is secured:** $ _____<br><br>**Amount of the claim that is unsecured:** $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | Amount entitled to priority |
|---|---|---|

| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
|---|---|---|
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**<br>18 U.S.C. §§ 152, 157 and 3571. | Check the appropriate box:<br><br>☑ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|

Executed on date    2/13/2017
                     MM / DD / YYYY

/s/ George Pandi

Signature

Print the name of the person who is completing and signing this claim:

| Name | George Pandi |
|---|---|
| | First name    Middle name    Last name |
| Title | Mr. |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 1 Somerset Cres |
| | Number   Street |
| | RICHMOND HILL ON L4C8N2 CANADA, |
| | City   State   ZIP Code |
| Contact phone | 905 883 3080     Email    politis40@hotmail.com |

Official Form 410           Proof of Claim           page 3

Case 2:16-bk-11585-SHG   Claim 18   Filed 02/13/17   Desc Main Document   Page 3 of 3
Case 2:16-bk-11585-SHG   Doc 187   Filed 06/30/17   Entered 06/30/17 18:16:34   Desc
Main Document     Page 15 of 65

Unsecured loan  STATEMENT OF Account George Pandi

| **UNSECURE LOAN** | $ |
|---|---|
| Frances Pay   interest  feb 2014 | 2,322.00 |
| GP pay in March int  Steve loan thalia 70K | 1,024.23 |
| Paid for loan in May 2014 | 452.50 |
| Legal Fees Jun 2014 | 5,000.00 |
| Warehouse Aug 2014 | 4,000.00 |
| DHL     Aug 15/2014 | 5,500.00 |
| Hydro Aug 22 warehouse | 3,390.90 |
| DHL     Aug 28/2014 | 5,500.00 |
| Steve      oct 2014 | 7,800.00 |
| Frances to thalia on behalf of Steve    Sep+Oct | 3,000.00 |
| Frances  -Cohesian oct 2014 | 23,078.63 |
| Frances- Cohesian  by CIBC cc    OCT 2014 | 9,344.60 |
| INTEREST on CC Payments Apr 2013-Nov 2014 | 5,203.74 |
| Frances shipping Jan&feb4 2015 | 1,200.00 |
| Cohesian&B Fees   March 3 2015 | 9,021.00 |
| magnus title agency March 17 /2015 +B Fees | 8,050.00 |
| US Loan-Vegas  April 21 +B Fees | 3,230.00 |
| Frances Payments Apr 28-May 13 2015 | 4,574.70 |
| Interest on CC payments Dec-Jun 2015 | 4,117.23 |
| George loan  by family 2015 | 60,223.33 |
| GP  & EP Long term Loan not incl CC int | 133,037.25 |
| | |
| Payments received May2014-June 1 2016 via wires | (97,857.50) |
| | |
| Payments to Steve Aug -Sep2016 | 17,500.00 |
| | $ |
| **UNSECURE  amounts of Loans** | 218,712.61 |

EXHIBIT D

**Fill in this information to identify the case:**

Debtor 1   STEVE PANDI

Debtor 2   EILEEN QUEZADA
(Spouse, if filing)

United States Bankruptcy Court   **District of Arizona**

Case number: 16–11585

FILED

U.S. Bankruptcy Court
District of Arizona

2/13/2017

**George Prentice, Clerk**

## Official Form 410
# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | GEORGE PANDI |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? |
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>GEORGE PANDI<br>Name<br><br>1 SOMERSET CRES<br>RICHMOND HILL ON L4C 8N2<br>CANADA<br><br>Contact phone   905 883 3080<br>Contact email   politis40@hotmail.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one): | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Contact phone<br>Contact email |
| **4. Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known)            Filed on ____<br>                                                                                   MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? |

Official Form 410                                   Proof of Claim                                   page 1

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ _____532484.10_____

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

_____Money loaned and Credit card advances_____

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____Deed of trust_____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ ___947000.00___

**Amount of the claim that is secured:** $ ___532484.10___

**Amount of the claim that is unsecured:** $ ___0.00___ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) 10 %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    2/13/2017
             MM / DD / YYYY

/s/ George Pandi

Signature

Print the name of the person who is completing and signing this claim:

| Name | George Pandi |
|---|---|
| | First name    Middle name    Last name |
| Title | Mr. |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | I SOMERSET CRES |
| | Number   Street |
| | Richmond hill On Canada L4C8N2, |
| | City   State   ZIP Code |
| Contact phone | 9058833080    Email   politis40@hotmail.com |

Official Form 410        Proof of Claim        page 3

Case 2:16-bk-11585-SHG   Claim 17-1   Filed 02/13/17   Desc Main Document   Page 3 of
Case 2:16-bk-11585-SHG   Doc 187   Filed 06/30/17   Entered 06/30/17 18:16:34   Desc
Main Document    Page 20 of 65

## Family loans to Steve Pandi

| | Secure loan Payments by SP |
|---|---|
| | $ 463,751.84 |

| | | |
|---|---|---|
| | | $ 463,751.84 |

### Interest charges

| | | |
|---|---|---|
| 19.99% per annum Promissory- period covering | **May 7 2014 -2015** | $ 92,703.98 |
| 10% per annum after 1st year per promissory Period May 7 2015 to Oct 7 2016 | | 78,831.24 |
| * no payment received default 10% per annum | | $ 171,535.22 |
| | | 635,287.06 |

### Legal Cost

| | |
|---|---|
| Andrew ellis Legal Cost | 1,500.00 |
| Scott Hyder Legal cost Merchant Capital | 750.00 |
| Don Hudspeth - Lein Cost | 2,250.00 |
| | 4,500.00 |
| | 639,787.06 |

| Recovering Assets | |
|---|---|
| Cash seized from bank | $ (19,303.00) |
| Computers/printer/desk | (3,000.00) |
| Warehouse Shelves | (5,000.00) |
| Inventory siezed | (80,000.00) |
| Assets recovered | (107,303.00) |
| Balance of secure loan | $ 532,484.10 |

| YEAR | MONTH | Bank | Transaction ID # | Wired amount | Recipient |
|---|---|---|---|---|---|
| 2010 | 18-Jun | TD Canada Trust | 621205 | $ 25,500.00 | Steve Pandi |
| " " | 7-Jul | TD Canada Trust | 643260 | 3,000.00 | Steve Pandi |
| " " | 9-Jul | TD Canada Trust | 646541 | 8,913.30 | sheng hua |
| " " | 23-Jul | TD Canada Trust | 663285 | 2,000.00 | Steve Pandi |
| " " | 12-Aug | TD Canada Trust | 686624 | 9,000.00 | Suzhou Yibo textile -china |
| 2011 | 2-Sep | TD Canada Trust | 167142 | 20,000.00 | Suzhou Yibo textile -china |
| 2013 | 11-Feb | TD Canada Trust | Bank Statment | 25,000.00 | Steve Pandi -glndale purchase |
| 2013 | 25-Jul | TD Canada Trust | 22674 | 40,000.00 | Souzou Industrial-China |
| " " | 42941 | TD Canada Trust | 22674 | 7,700.00 | Jumpin Jammerz LLC |
| " " | 3-Aug | TD Canada Trust | 352384 | 17,000.00 | Jumpin Jammerz LLC |
| " " | 3-Aug | TD Canada Trust | 352384 | 17,000.00 | Jumpin Jammerz LLC |
| 2014 | 3-Mar | Scotia Bank | 63982 | 9,000.00 | SMT 2009 LLC |
| | 6-Mar | TD Canada Trust | 140306B1201300 | 5,000.00 | Souzou Industrial-China |
| " " | 10-Mar | TD Canada Trust | 810991 | 8,971.48 | cohesian |
| " " | 11-Mar | TD Canada Trust | 309383 | 6,000.00 | Enterpreneur Opportunity Funds |
| " " | 11-Mar | TD Canada Trust | 309383 | 2,100.00 | PLU investment LLC |

| | | | | | |
|---|---|---|---|---|---|
| | | Trust | | | |
| " " | 11-Mar | TD Canada Trust | 309383 | 4,500.00 | Clear Funds LLC |
| " " | 13-Mar | TD Canada Trust | 312257 | 3,400.00 | ASC |
| " " | 17-Mar | TD Canada Trust | 319335 | 3,400.00 | ASC |
| " " | 5-Apr | TD Canada Trust | 350461 | 20,000.00 | Souzou Industrial-China |
| " " | 5-Apr | TD Canada Trust | 350462 | 129,500.00 | Jumpin Jammerz LLC |
| " " | 21-Apr | TD Canada Trust | 864175 | 3,200.00 | US Loan Servicing -LV |
| | | Sub-total April 2014 | | $ 370,184.78 | |
| 2014 | 21-Jun | TD Canada Trust | 460041 | 5,000.00 | Aken schenk |
| " " | 2-Jul | TD Canada Trust | 475106 | 4,000.00 | Bestit com inc |
| " " | 28-Aug | TD Canada Trust | 554565 | 15,000.00 | Steve Pandi |
| 2015 | 17-Mar | TD Canada Trust | 820645 | 8,000.00 | Magnus Aagency |
| 2016 | 15-Sep | TD Canada Trust | 483063 | 2,500.00 | qingdao xia-china |

WHEN RECORDED, MAIL TO:

Law Offices of
Donald W. Hudspeth, PC
3200 N. Central Ave.
Ste. 2500
Phoenix, AZ  85013
request of

STATE OF ARIZONA
County of Maricopa

} ss: I hereby certify that the within instrument was recorded _____, 2014, in

Docket _____, Page_____, and indexed in Mortgages at the

_____
WITNESS MY HAND AND OFFICIAL SEAL

Fee

_____          No._____
County Recorder

By_____          Fee_____
Deputy Recorder

---

## DEED OF TRUST

TRUSTOR:   21229 North 52nd Avenue, LLC, of which the Pandi Revocable Trust is the sole member, of which Steve Pandi is the current sole Trustee
**OR**
TRUSTOR: Steve Pandi

TRUSTOR'S MAILING ADDRESS: 6940 W. Voltaire., Peoria, Arizona 85381

BENEFICIARY: George Pandi and Efrosini Pandi, a married couple, as joint tenants with rights of survivorship

BENEFICIARY'S ADDRESS 1 Somerset Crescent Richmond Hill, Ontario L4C 8N2

TRUSTEE:   Tom Pandi

PROPERTY: Lot 130 of Estates at Arrowhead Phase One B, according to book 435 of maps, page 33, records of Maricopa County, Arizona and affidavit of correction recorded in document No. 97-143065, of official records.

This Deed of Trust made between the Trustor, Trustee, and Beneficiary above named,

**WITNESSETH:** That Trustor irrevocably grants and conveys to Trustee in Trust, with Power of Sale, the above described real property and all buildings, improvements, fixtures, personal property and accoutrements located thereon or hereinafter erected thereon, together with the leases, rents, issues, profits, or income thereof, (all of which are hereinafter called "property income"); SUBJECT, HOWEVER, to the right, power, and authority hereinafter given to and conferred upon Beneficiary to collect and apply such property income; AND SUBJECT TO covenants, conditions, restrictions, rights

of way, and easements of record.

FOR THE PURPOSE OF SECURING:

    A. Performance of each agreement of Trustor herein contained.

    B. Payment of the indebtedness evidenced by promissory note or notes of even date herewith, and any extension or renewal thereof, in the principal sum of **$463,751.84** executed by Trustor in favor of Beneficiary or order.

    C. Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:

    1. To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged, or destroyed thereon, and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer, or permit any act upon said property in violation of law; and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

    2. To provide, maintain, and deliver to Beneficiary fire insurance policies satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to such notice.

    3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses of Beneficiary and Trustee, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear or be named, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

    4. To pay: before delinquent, all taxes and assessments affecting said property; when due, all encumbrances, charges, and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees, and expenses of this Trust, including, without limiting the generality of the foregoing, the fees of Trustee for issuance of any Deed of Partial Release and Partial Reconveyance or Deed of Release and Full Reconveyance, and all lawful charges, costs, and expenses in the event of reinstatement of, following default in, this Deed of Trust or the obligations secured, hereby.

    Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the

security hereof. Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest, or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel, and pay his reasonable fees.

 5. To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof, together with interest from date of expenditure at the same rate as is provided for in the note secured by this Deed of Trust or at the highest legal rate, whichever be the greater rate. Any amounts so paid by Beneficiary or Trustee shall become part of the debt secured by this Deed of Trust and a lien on said premises or shall become immediately due and payable at option of Beneficiary or Trustee.

IT IS MUTUALLY AGREED:

 6. That any award of damages in connection with any condemnation or any such taking, or for injury to the property by reason of public use, or for damages for private trespass or injury thereto, is assigned and shall be paid to Beneficiary as further security for all obligations secured hereby (reserving unto the Trustor, however, the right to sue therefor and the ownership thereof subject to this Deed of Trust), and upon receipt of such moneys Beneficiary may hold the same as such further security, or apply or release the same in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

 7. That time is of the essence of this Deed of Trust, and that by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

 8. That at any time or from time to time, and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said note(s) for endorsement, and without liability therefor, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, and without affecting the security hereof for the full amount secured hereby on all property remaining subject hereto, and without the necessity that any sum representing the value or any portion thereof of the property affected by the Trustee's action be credited on the indebtedness, the Trustee may: (a) release and reconvey all or any part of said property; (b) consent to the making and recording, or either, of any map or plat of the property or any part thereof; (c) join in granting any easement thereon; (d) join in or consent to any extension agreement or any agreement subordinating the lien, encumbrance or charge hereof.

 9. That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said note(s) to Trustee for cancellation, and upon payment of its fees, Trustee shall release and reconvey, without covenant or warranty, express or implied, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

Case 2:16-bk-11585-SHG Claim 17-1 Part 4 Filed 02/13/17 Desc Attachment 3
Case 2:16-bk-11585-SHG Doc 187 Filed 06/30/17 Entered 06/30/17 18:16:34 Desc
Main Document Page 27 of 65

10. That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power, and authority, during the continuance of this Trust, to collect the property income, reserving to Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such property income as it becomes due and payable. Upon any such default, Beneficiary may at any time, without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such property income, including that past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such property income, and the application thereof as aforesaid, shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to such notice.

11. That upon default by Trustor in the payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written notice thereof, setting forth the nature thereof, and of election to cause to be sold said property under this Deed of Trust. Beneficiary also shall deposit with Trustee this Deed of Trust, said note(s), and all documents evidencing expenditures secured hereby.

Trustee shall record and give notice of Trustee's sale in the manner required by law, and after the lapse of such time as may then be required by law, Trustee shall sell, in the manner required by law, said property at public auction at the time and place affixed by it in said notice of Trustee's sale to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone or continue the sale by giving notice of postponement or continuance by public declaration at the time and place last appointed for the sale. Trustee shall deliver to such purchaser its Deed conveying the property so sold, but without any covenant or warranty, expressed or implied. Any persons, including Trustor, Trustee, or Beneficiary, may purchase at such sale.

After deducting all costs, fees, and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale and reasonable attorney's fees, Trustee shall apply the proceeds of sale to payment of: All sums then secured hereby and all other sums due under the terms hereof, with accrued interest; and the remainder, if any, to the person or persons legally entitled thereto, or as provided in A.R.S. ' 33-812. To the extent permitted by law, an action may be maintained by Beneficiary to recover a deficiency judgment for any balance due hereunder. In Lieu of sale pursuant to the power of sale conferred hereby, this deed of trust may be foreclosed in the same manner provided by law for the foreclosure of mortgages on real property. Beneficiary shall also have all other rights and remedies available to it hereunder and at law or in equity. All rights and remedies shall be cumulative.

12. That Beneficiary may appoint a successor Trustee in the manner prescribed by law. A successor Trustee herein shall, without conveyance from the predecessor Trustee, succeed to all the predecessor's title, estate, rights, powers, and duties. Trustee may resign by mailing or delivering notice thereof to Beneficiary and Trustor.

13. That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder of the note(s) secured hereby, whether or not named as Beneficiary herein. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and neuter, and the singular number includes the plural.

14. That Trustee accepts this Trust when this Deed of Trust duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any notice of Trustee's sale hereunder be mailed to him at his address hereinbefore set forth.

DATED: this _13_ day of _May_ , 2014

_____
Steve Pandi, on behalf of himself as
Trustor, and as sole Trustee of the Pandi
Revocable Trust established August 9,
2010, which is the sole member of 21229
North 52nd Avenue, LLC

STATE OF ARIZONA    } ss.
County of Maricopa    }

This instrument was acknowledged before me this _13_ day of _May_ , 2014, by Steve Pandi in the capacity stated herein

MICHAEL RIZZO
Notary Public - Arizona
Maricopa County
My Comm. Expires May 8, 2015

_5/8/2015_
My commission will expire

_____
Notary Public

# PROMISSORY NOTE

**Principal: US $463,751.84**                    Execution Date: _May 7, 2014_

For value received, **Steve Pandi, individually, the Pandi Revocable Trust established August 9, 2010 and 21229 North 52nd Avenue, LLC,** (collectively the "Payor" or "Maker") jointly and severally promise to pay in lawful money of the United States of America, to **George Pandi and Efrosini Pandi, a married couple, as joint tenants with rights of survivorship** (the "Payee"), the sum of: *** **Four Hundred Sixty-Three Thousand, Seven Hundred Fifty-One Dollars and 84/100** DOLLARS ($463,751.84)** ("Principal").

Payment will be made in successive monthly installments of Three Thousand, Two Hundred Dollars US (US $3200.00) with the first installment being in the amount of $3,200.00. The first payment will be made on the fifteenth (15th) of the month following the execution of this promissory note (the "Note").

The Principal shall accrue interest at the rate of nineteen and ninety-nine hundredths percent (19.99%) per annum for one year as of the date of execution of the Note, and at the rate of five percent (5.00%) per annum thereafter until the principal of the Note is paid in full.

Installments not paid within thirty (30) days after they are due will be subject to, and it is agreed that Payee or Holder will collect a "late charge" of ten percent (10%) of the delinquent monthly payment on each delinquent installment.

If any payment is not made after the due date, the entire remaining unpaid balance due on this Note will become immediately due and payable at the option of Payee or Holder, without notice, time being of the essence, and the sum shall bear interest from that time until paid at the rate of ten percent (10%) per annum. Failure of Payee or Holder to exercise this option will not constitute waiver of the right to exercise the same in the event of any subsequent default.

Each maker and endorser agrees, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees, if this Note, including any installment payment, is not paid promptly when due and the same is given to the attorney for collection, whether suit be brought or not.

**THIS NOTE IS SECURED BY DEEDS OF TRUST real property located at 6940 W. Voltaire Ave., Peoria, AZ 85381 and 21229 N. 52nd Ave., Glendale, AZ 85308 (the "Premises") and by a Security Agreement granting Payee a security interest in all inventory of Jumpin Jammerz, L.L.C., now and after-acquired along with their proceeds.**

Additional Terms and Conditions:

It is understood and agreed by and between Payor/Maker and Payee/Holder that in the event that Payor/Maker assigns, sells, conveys or transfers any right, title or interest in or to either property subject Premises, the entire unpaid principal balance plus accrued interest shall be immediately due and payable at the option of the Payee/Holder of the Note.

Payor reserves the right to prepay in whole or in part at any time without penalty.

Larger sums may be paid at any time if there is not default under this Note, but the payment of any larger sums in addition to the payments required in this Note will not relieve Payor of the

1

**PROMISSORY NOTE.(continued)**

payment of the periodic installments provided for in this Note, unless it is specifically stipulated by Payees at the time of payment that any larger sums are to be applied to the advance payment of the periodic installments next maturing in the order of their due dates.

No delay by Payee or Holder in enforcing any covenant or right under this Note will be deemed a waiver of any covenant or right and no waiver by Payee or Holder of any particular provision of this Note will be deemed a waiver of any other provision or a continuing waiver of any particular provision, and except as so expressly waived in writing, all provisions will continue in full force and effect.

Should default be made in the payment of Principal and interest thereon, as above provided, or other default occur in the performance of or compliance with any of the covenants or conditions of said Deed of Trust, then in any such event the holder may, in addition to such other remedies or combination of remedies holder may have under law and equity, declare the whole sum of Principal and default interest immediately due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

In the event not sooner paid the entire unpaid Principal shall be all due and payable on or before Ten (10) years from the execution date of this Note. Payee/Holder in their sole discretion does reserve the right to re-negotiate this Note with the Maker upon request from Maker. This Note may not be changed orally, but only by an agreement in writing and signed by the party against whom enforcement or any waiver, change, modification or discharge is sought.

Should suit be brought on this Note, the prevailing party shall be entitled to reasonable attorneys' fees and costs in addition to any amount found due on this Note.

The makers and endorsers hereof severally waive diligence, demand, presentment for payment and protest, and consent to the extension of time of payment of this Note, without notice.

Upon Payor's repayment of Principal and interest, if any, to Payee, this Note shall terminate and Payee shall within thirty (30) days of receipt of the final payment, provide written acknowledgement that all liens, encumbrances, mortgages and/or deeds of trusts on the assets or real property of Payor, arising under this Note and Deed of Trust have been released.

Neither party shall assign their interests under this Promissory Note or Deed of Trust to any third party without written consent.

This Note shall be construed and enforced according to the laws of Arizona.

Whenever used in this Note, the terms "Holder," "Maker," "Payor" and "Payee" shall be construed in the singular or plural as the context may require.

2

Case 2:16-bk-11585-SHG   Claim 17-1 Part 5   Filed 02/13/17   Desc Attachment 4
Case 2:16-bk-11585-SHG   Doc 187   Filed 06/30/17   Entered 06/30/17 18:16:34   Desc
Main Document     Page 31 of 65

Accepted and approved as to form and content:

5/13/2014

Payor:

By_____  Date: May 13, 2014
Steve Pandi, Individually

By_____  Date: May 13, 2014
Steve Pandi, as sole Trustee of the Pandi Revocable Trust

By_____  Date: May 13, 2014
Steve Pandi, as sole Trustee of the Pandi Revocable Trust which
is the sole member of 21229 North 52nd Avenue, LLC

MICHAEL RIZZO
Notary Public - Arizona
Maricopa County
My Comm. Expires May 8, 2015

Accepted and approved as to form and content:

**Payees:**

_____  Date: May 7, 2014
George Pandi, Individually with JTWRS

_____  Date: _____
Efrosini Pandi, Individually with JTWRS

3



**UCC3 Financing Statement Amendment**
**Filing Summary and Instructions**

| Contact Information | |
|---|---|
| Contact Name | MIKE ROCCO |
| Company or Firm Name | MERCHANT CAPITAL SOURCE LLC |
| Telephone | 714 969-7878 X 104 |
| Email Address | mdr@merchantcapitalsource.com |

| Summary | |
|---|---|
| Reference Number | Jumpin Jammerz |
| State / Province | ARIZONA (AZ) |
| Filing Office | State |
| Status | PENDING |
| Created On | 3/25/2016 at 13:37 cst |
| Transmitted On | N/A |
| File Number (when applicable) | N/A |
| File Date (when applicable) | N/A |

| Instructions | | |
|---|---|---|
| Expedite | ☐ Yes | ☒ No |
| e-File | ☐ Yes | ☒ No |
| Search to Reflect | ☐ Yes | ☒ No |

| Search to Reflect Debtor (when applicable) | Organization Name | | |
|---|---|---|---|
| | | | |
| | Individual Name | | |
| | Last | | |
| | First | | |
| | Middle | | |
| | Suffix | | |

| Mailing Instructions | |
|---|---|
| Special Instructions | |

| Notes | |
|---|---|
| Notes From Capitol Services | |
| Transmittal Alerts (when applicable) | |

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional) | |
| B. E-MAIL CONTACT AT FILER (optional) | |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address) | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS |
|---|---|
| **201116520938 FILED ON 04/19/2011** | Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. [X] **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes: AND Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record | ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c | ☐ ADD name: Complete item 7a or 7b, and item 7c | ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral

Indicate collateral:

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **MERCHANT CAPITAL SOURCE LLC** | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
**JUMPIN JAMMERZ - AZ - STATE**

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

# SECURITY AGREEMENT

**THIS SECURITY AGREEMENT** (the **"Agreement"**) is entered into as of the ____7____ day of ____May____, 2014, by and between **GEORGE PANDI and EFROSINI PANDI (the "Secured Parties")** and **STEVE PANDI, individually; STEVE PANDI as sole TRUSTEE OF THE PANDI REVOCABLE TRUST; and STEVE PANDI, as sole TRUSTEE OF THE PANDI REVOCABLE TRUST which is the sole member of 21229 NORTH 52ND AVENUE, LLC (the "Debtors").**

## RECITALS

This Agreement is governed by the following recitals which the parties hereto acknowledge to be true.

**WHEREAS,** the Secured Parties hereto loaned money to the Debtors for use in a limited liability company called Jumpin Jammerz, L.L.C. (**the "LLC"**);

**WHEREAS,** the purpose of the LLC is to retail adult sized sleepwear;

**WHEREAS,** the Secured Parties have loaned money to assist in the operation of the LLC in the amount of Four Hundred Sixty-Three Thousand, Seven Hundred Fifty-One Dollars and Eighty-Four Cents US (**US $463,751.84**) (the "Debt") which is secured by deeds of trust real property located at 6940 W. Voltair Ave., Peoria, AZ 85381 and 21229 N. 52nd Ave., Glendale, AZ 85308, and by inventory of Jumpin Jammerz, L.L.C. further described in Exhibit B;

**WHEREAS,** the Secured Parties wish to loan money to the Debtors;

**WHEREAS,** the Debtors wish to repay to the Secured Parties the Debt plus interest at agreed to installments;

**WHEREAS,** the Debtors have executed a promissory note (**the "Note"**) in the amount of the Debt, with said Note attached hereto as **Exhibit "A"**, and which is hereby deemed incorporated herein by this reference.

**NOW, THEREFORE,** it is agreed as follows:

## AGREEMENT

1.    **Creation of Security Interest.** Debtors hereby grant to Secured Parties a security interest in the Collateral described in Paragraph 2 hereof to secure the payment and performance of Debtors' Note dated __May 13, 2014__, given to Secured Parties and payable as to principal and interest as provided in the Note, to Secured Parties, described in Exhibit A.

1

2.     **Collateral..** As security for the payment of all loans now or in the future made under this Agreement and all other indebtedness of Debtors to Secured Parties, now existing or later incurred, matured or unmatured, direct or contingent, including any extensions and renewals of the same, Debtors grant to Secured Parties a security interest, constituting a first and paramount claim, in all of Debtor's inventory owned or controlled by Jumpin Jammerz, L.L.C., now owned or later acquired during the term of this Agreement, and in proceeds of such inventory. At the time of each borrowing under this Agreement, and at such additional intervals as may be prescribed by Secured Parties of Debtors' inventory, which shall describe the same or such portion as Secured Parties may prescribe. The above referenced real property and inventory are collectively **the "Collateral."** Except as limited by Uniform Commercial Code, Secured Parties shall have a security interest in the Collateral of the Debtors as described herein and in the UCC-1 Financing Statement attached hereto as **Exhibit "C"**, which is incorporated into this Agreement.

3.     **Debtors' Obligations.**

(a)     **Books and Records.** Debtors shall at all times keep complete and accurate books and records concerning the Collateral, and agree to permit Secured Parties to inspect and examine such books and records at reasonable times upon reasonable request.

(b)     **Protection of Collateral and Secured Party.** Debtors shall, at their own expense, do, make, procure, execute and deliver all acts, things, writings and assurances that Secured Party may at any time require to protect, assure or enforce its interests, rights and remedies created by, provided in or resulting from this Security Agreement.

(c)     **Maintenance of Collateral Free of Competing Liens.** Notwithstanding any Collateral currently subject to any security interests or future Collateral purchased through financing, Debtors shall not, voluntarily or involuntarily, subject the Collateral or its proceeds or allow the Collateral or its proceeds to be subjected to any interest of any transferee, buyer, secured party, encumbrancer or third person.

(d)     **Title to Collateral.** Notwithstanding any Collateral currently encumbered by any previously existing security agreements, Debtors warrant that they have title to the Collateral, free from all liens and security interests except as created by this Agreement.

4.     **Extension of Security Agreement.** This Security Agreement also secures any and all renewals of the Note executed on even date herewith, the repayment of all sums and amounts that may be necessarily advanced or expended by the Secured Parties for the maintenance or preservation of the Collateral, any and all other sums that may hereafter be advanced by the Secured Parties to or for the benefit of the Debtors, any and all other expenditures that may hereafter be made by the Secured Parties pursuant to the provisions hereof or for the benefit of or at the instance of the Debtors, and any and all other indebtedness and obligations of the Debtors to the Secured Parties that may hereafter be incurred, to the total maximum extent and amount of a sum equal to ten times the original face amount of said promissory note.

2

**5.     Release of Collateral.** The Secured Parties shall, as of the date hereof, file with the State of Arizona a UCC-1 Financing Statement covering the Collateral as listed in **Exhibit "B"**. The parties agree that, provided the Debtors are not then in default hereunder, the Collateral shall be released free and clear to Debtors from the lien of this Security Agreement when the balance of the Debt plus all applicable interest has been paid in full.

**6.     Default.** Debtors shall be in default under this Security Agreement:

(a)     If Debtors wrongfully fail to pay any amount required to be paid under the Promissory Note on or before the date on which same is due according to the terms of the Note of even date herewith (**Exhibit "A"**), all unpaid installments shall, at Secured Parties' option, become immediately due and payable, and Secured Parties shall, at their option, exercise any and all remedies available to them, including, without limitation, injunctive relief and all remedies available to this Agreement, the Note, and the UCC-1 Financing Statement, and any and all other agreements between the parties relating to the loan between Secured Parties and the Debtors;

(b)     If Debtors fail to honor any of their obligations under this Security Agreement or breaches any of the provisions hereof and fails to cure such breach within ten (10) days after the Secured Parties gives written notice of the breach to Debtors;

(c)     Upon dissolution, termination of existence, business failure, appointment of a receiver of any part of the property of Debtors, assignment for the benefit of creditors, the calling of a meeting of creditors, or the commencement of any proceedings under any bankruptcy or insolvency laws by or against Debtors;

(d)     If the Collateral or any part thereof is located on business premises for which any Municipal, County or State permit or license is required, the issuance of any citation or revocation of such permit or license which materially adversely affects the Secured Parties' interest in the Collateral shall operate as a default under this Agreement;

(e)     If the Collateral or any part thereof is located at premises leased to or rented by the Debtors, a wrongful failure on the Debtors part to pay rent or otherwise abide by the terms, covenants and conditions under which they lease or occupy the premises shall be, at the election of the Secured party, shall operate as a default under this Agreement;

(f)     If any warranties and Representations made to Secured Parties in order to induce the extension of credit to Debtors, whether made by Debtors or by others on behalf of Debtors, including agents, employees, sureties, guarantors, cosigners, and the like, and whether such representations are contained in this Agreement, in related materials, such as financial statements, loan applications, supporting documentation, and guaranties, or in any financial instrument, such as a promissory note, executed in connection with this Agreement, if incorrect in any material respect, shall operate as a default under this Agreement;

3

(g)     If the Collateral experiences theft, loss, destruction, or substantial damage to or alteration, whether in whole or in party, shall operate as a default under this Agreement;

(h)     If the Collateral, the after-acquired Collateral, or its proceeds, are sold, transferred, or used in an inconsistent manner to their purpose, except as authorized in this Agreement shall operate as a default under this Agreement.

7.     **Debtors' Obligations Upon Default.** In addition to all other obligations created herein, and under the Arizona Uniform Commercial Code, Debtors promise, upon default or breach, to:

(a)     Assemble and relinquish to Secured Parties, sufficient Collateral covered by this Security Agreement to satisfy Debtors' obligations;

(b)     Turn over to Secured Party for copying and inspection any and all records and documents of any sort and description which pertain to the Collateral and obligations covered by this Agreement at a time and place reasonably designated by Secured Parties;

(c)     Refrain from any actions or communications which would impair, diminish or threaten to affect the continued and future value of the Collateral;

(d)     Sign any letters, notices, assignments or endorsements which may be necessary to fulfill the covenants and obligations set forth in this Security Agreement, or the Note;

(e)     Pay for any and all of Secured Parties' costs and reasonable related expenses, including reasonable attorneys' fees, incurred by Secured Parties in connection with the retaking of the Collateral or the enforcement of this Agreement;

(f)     Secured Parties, may at their option, notify any account debtor of Debtors or any obligor on any obligation payable to Debtors and serving as collateral for this Agreement to make payment to Secured Parties, as provided in Arizona Revised Statutes § 47-9607;

(g)     Secured Parties may, at their option, take control of any and all proceeds to which Secured Parties are entitled under Arizona Revised Statutes § 47-9315, and Debtors agree to cooperate fully in executing any commercially reasonable direction made in the exercise of this right; and

(h)     Dispose of the Collateral. This shall include, but is not limited to:

(i)     Secured Parties shall have the right to dispose of the Collateral by public or private proceeding and by way of one or more contracts. Such sale or other disposition of the Collateral may be made as a unit or in parcels and at any time and place and on any terms, provided only that disposition effected is commercially reasonable. Any action so taken shall be considered commercially reasonable if made in the good-faith exercise of Secured Parties' best business judgment in the matter;

4

(ii)     Secured Parties have the right to dispose of the Collateral from the premises of Debtors, and to this end Debtors agree to cooperate fully in facilitating such a disposition, which may include, on request, the obligation to assemble to Collateral at some designated location of Debtors where the Collateral shall be made available to prospective buyers. Secured Parties remain free to dispose of the Collateral from any other location, provided such location is commercially reasonable;

(iii)     Secured Parties shall give Debtors notice of the time and place of any public sale of the Collateral or, in case of a private sale or disposition, of the time after which such private sale or disposition is intended. It shall be considered commercially reasonable if such notice is sent to Debtors by first class mail five (5) days prior to the public sale or the time after which the private sale or other disposition is intended. There is no need for notice prior to disposition where the Collateral is perishable, or threatens to decline in value quickly, or where the Collateral is of a type customarily sold in a recognized market. In such an event, the decision to so dispose of the Collateral shall be considered commercially reasonable provided only that it is made in the good-faith exercise of Secured Parties' best business judgment in the matter;

(iv)     The proceeds of any disposition shall be applied as provided in Arizona Revised Statutes § 47-9615 and shall include any and all expenses provided in this Agreement. They shall also include attorneys' fees and legal fees to the extent such items are not prohibited by law; and/or

(v)     In the event of any deficiency, Debtors shall be liable for such deficiency with interest at the rate of ten percent (10%), which shall accrue thirty (30) days after receipt of written demand for payment of the deficiency.

## 8.  Secured Party's Rights and Remedies Upon Default.

(a)     Upon default, Secured Parties shall have all of the rights and remedies provided in this Security Agreement and under Arizona law. In connection with and in addition to, or in modification of or in substitution for, such rights and remedies, Secured Parties may waive any right or remedy under this Agreement only by a writing signed by Secured Parties. Secured Parties may fail or delay to exercise any right or remedy, or may remedy any default without waiving that or any other right, remedy or default.

(b)     Upon breach of this Security Agreement by Debtors, the Secured Parties shall have the right to pursue any of the following remedies either separately, successively or concurrently:

(i)     File suit and obtain judgment and in conjunction with said suit, Secured Parties may avail themselves of any and all ancillary remedies provided by law including but not limited to levy of attachment and garnishment;

(ii)     Without demand and without legal process take possession of the Collateral. For that purpose, Debtors authorizes Secured Party to enter upon any premises where

5

the Collateral or any part thereof may be located and secure same by removing and changing locks if necessary. In this event, Secured Parties may (i) propose to retain the Collateral in satisfaction of the obligation owing by the Debtors by giving notice of such proposal in accordance with Arizona Revised Statute §47-9621; or (ii) sell the Collateral at public or private sale in accordance with Arizona Revised Statute §47-9601, et. seq.; or

        (iii)    Without taking possession, sell, lease or otherwise dispose of the Collateral at public or private sale in accordance with Arizona Revised Statute §47-9601, et. seq.

        (c)    Upon default or breach by Debtors, Debtors shall permit Secured Party at reasonable times to enter upon the premises where the Collateral is situated and inspect the same in person or by agent.

### 9.    Debtors' Rights and Remedies.

        (a)    Debtors shall have the right to possession or use of the Collateral. Debtors shall not sell, transfer, dispose of or remove any Collateral without first obtaining the express written authorization of Secured Party.

        (b)    Debtors shall have all rights and remedies provided in this Security Agreement and by the Uniform Commercial Code in force in the State of Arizona.

**10.**    **Insurance.** Debtors shall maintain insurance for the Collateral in an amount not less than the replacement value thereof, covering loss from fire, theft, malicious mischief, and any other causes customarily covered under standard risk insurance policies, with an insurer licensed to do business in the State of Arizona. During the term of the Note, Secured Parties shall also be named as an additional insured on such insurance policies.

**11.**    **Effective Date of Attachment of Security Interest.** This Agreement shall become effective as of the date of execution.

**12.**    **Miscellaneous.**

        (a)    **Notices.** All notices required or permitted to be given pursuant to this Agreement shall be personally delivered wherever the party may be found or sent by United States certified mail, postage prepaid; return receipt requested, addressed to the parties at the following addresses or at such other addresses as either party may advise the other from time to time in writing.

**SECURED PARTIES:**

        GEORGE PANDI
        EFROSINI PANDI
        1 Somerset Crescent
        Richmond Hill, Ont L4C 8N2 CANADA

6

Case 2:16-bk-11585-SHG   Claim 17-1 Part 7   Filed 02/13/17   Desc Attachment 6
Case 2:16-bk-11585-SHG   Doc 187   Filed 06/30/17   Entered 06/30/17 18:16:34   Desc
Main Document    Page 40 of 65

with a copy to:

> Donald W. Hudspeth, Esq.
> Law Offices of Donald W. Hudspeth, P.C.
> 3200 N. Central Ave., Suite 2500
> Phoenix, AZ 85012

**DEBTORS:**

> STEVE PANDI, Individually
> 6940 W. Voltaire
> Peoria, Arizona 85381
>
> STEVE PANDI, as sole TRUSTEE of the PANDI REVOCABLE TRUST
> 6940 W. Voltaire
> Peoria, Arizona 85381
>
> STEVE PANDI, as sole TRUSTEE of the PANDI REVOCABLE TRUST which is
> the sole member of 21229 NORTH 52nd AVENUE, LLC
> 6940 W. Voltaire
> Peoria, Arizona 85381

(b)     **"Secured Parties"** as used in this Security Agreement shall include the Successors, representatives, receivers, trustees and assigns of the parties.

(c)     This Agreement, which includes all schedules attached hereto (which are hereby referenced and incorporated), constitutes the entire agreement between the parties hereto respecting the subject matter hereof, and this Agreement shall not be modified, altered, or amended except by the parties hereto in writing.

(d)     No failure or delay on the part of the Secured Parties in exercising any right, power, or privilege under this Agreement shall operate as a waiver thereof nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, power, or privilege.

(e)     The rights and remedies expressly specified in the Agreement are cumulative and are not exclusive of any rights or remedies which the Secured Parties would otherwise have.

(f)     The laws of the State of Arizona shall govern this Agreement in all respects. Venue for any dispute, controversy, or claim arising out of or relating to this Agreement, including, but not limited to, the breach, termination or invalidity thereof, shall be exclusively in the state or federal courts in the city of Phoenix, Arizona, Maricopa County, Arizona, and the

7

parties hereby expressly consent to the exercise of personal jurisdiction over them by such courts.

     (g)    If any term of this Agreement conflicts with applicable law, all other terms of this Agreement shall remain in effect and enforceable. Further, if any provision of this Agreement is held to be overbroad as written, such provisions shall be construed to narrow its application to the extent necessary to make the provisions enforceable according to applicable law, and shall be enforced as so amended. The parties acknowledge the uncertainty of the law in this respect and expressly stipulate that this Agreement be given the construction which renders its provisions valid and enforceable to the maximum extent (not exceeding its express terms) possible under applicable law. Any Court is also authorized to extend the duration of any restrictions hereunder for the applicable period that any violation hereunder exists.

     (h)    Debtors are, by signing this Agreement, undertaking substantial obligations. The consideration being provided by the Secured Parties for these undertakings may vary depending on the individual circumstances of Debtors but includes anything of value paid, provided, or continued in connection with the signing of this Agreement. This consideration may include the offer of engagement, continuation of the engagement, exposure to confidential information, replacement of an existing agreement, compensation, an increase in compensation, promotion, or change in responsibilities, and/or the obligations of the Secured Parties described in this Agreement.

     (i)    If any action at law or in equity shall be brought on any breach of, or to enforce or to interpret any of the covenants, terms and conditions of this Agreement, the prevailing party shall be entitled to recover from the other party, as part of the prevailing party's costs, its reasonable attorneys' fees incurred, the amount of which shall be fixed by the Court sitting without a jury and shall be made a part of any judgment or decree rendered. The law governing the creation, validity and enforcement of this Security Agreement shall be that of the State of Arizona in force at the date hereof, and jurisdiction and venue shall be in Phoenix, Arizona in the county of Maricopa.

     (j)    Secured parties may assign their rights or interest hereunder. Upon such assignment, Debtors shall be obligated to tender performance hereunder to said assignee.

     (k)    This Security Agreement embodies the whole agreement between the parties, and no representation, warranty or guaranty has been made to Debtors which is not expressly set forth herein; all of the benefits hereof accruing to the Secured parties shall accrue to their assignee(s), or any subsequent assignee(s);

     (l)    The foregoing terms, conditions and provisions of this Agreement have been read and are understood and agreed to by each of the parties hereto. Receipt of a copy of this Security Agreement is hereby acknowledged by each party hereto.

    **IN WITNESS WHEREOF** the parties have hereunto set their hands as of the date first above written.

8

Case 2:16-bk-11585-SHG   Claim 17-1 Part 7   Filed 02/13/17   Desc Attachment 6
Case 2:16-bk-11585-SHG   Doc 187   Filed 06/30/17   Entered 06/30/17 18:16:34   Desc
Main Document   Page 42 of 65

| SECURED PARTY: | DEBTOR: |
|---|---|
| Signature: _____ | Signature: _____ |
| By : _____ | By : _____ |
| GEORGE PANDI | STEVE PANDI, Individually |
| SS #: _____ | |
| SECURED PARTY: | DEBTOR: |
| Signature: _____ | Signature: _____ |
| By : _____ | By : _____ |
| EFROSINI PANDI | STEVE PANDI, as sole Trustee of the Pandi Revocable Trust |
| SS #: _____ | |

MICHAEL RIZZO
Notary Public - Arizona
Maricopa County
My Comm. Expires May 8, 2015

5/13/14

**DEBTOR:**

Signature: _____

By : _____

STEVE PANDI, as sole Trustee of the Pandi Revocable Trust which is the sole member of 21229 North 52nd Avenue, LLC

9

# Exhibit "A"

# Promissory Note

10

# PROMISSORY NOTE

**Principal: US $463,751.84**            Execution Date: _May 7, 2014_

For value received, **Steve Pandi, individually, the Pandi Revocable Trust established August 9, 2010 and 21229 North 52nd Avenue, LLC,** (collectively the "Payor" or "Maker") jointly and severally promise to pay in lawful money of the United States of America, to **George Pandi and Efrosini Pandi, a married couple, as joint tenants with rights of survivorship** (the "Payee"), the sum of: **\*\*\* Four Hundred Sixty-Three Thousand, Seven Hundred Fifty-One Dollars and 84/100\*\* DOLLARS ($463,751.84)** ("Principal").

Payment will be made in successive monthly installments of Three Thousand, Two Hundred Dollars US (US $3200.00) with the first installment being in the amount of $3,200.00. The first payment will be made on the fifteenth (15th) of the month following the execution of this promissory note (the "Note").

The Principal shall accrue interest at the rate of nineteen and ninety-nine hundredths percent (19.99%) per annum for one year as of the date of execution of the Note, and at the rate of five percent (5.00%) per annum thereafter until the principal of the Note is paid in full.

Installments not paid within thirty (30) days after they are due will be subject to, and it is agreed that Payee or Holder will collect a "late charge" of ten percent (10%) of the delinquent monthly payment on each delinquent installment.

If any payment is not made after the due date, the entire remaining unpaid balance due on this Note will become immediately due and payable at the option of Payee or Holder, without notice, time being of the essence, and the sum shall bear interest from that time until paid at the rate of ten percent (10%) per annum. Failure of Payee or Holder to exercise this option will not constitute waiver of the right to exercise the same in the event of any subsequent default.

Each maker and endorser agrees, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees, if this Note, including any installment payment, is not paid promptly when due and the same is given to the attorney for collection, whether suit be brought or not.

**THIS NOTE IS SECURED BY DEEDS OF TRUST real property located at 6940 W. Voltaire Ave., Peoria, AZ 85381 and 21229 N. 52nd Ave., Glendale, AZ 85308 (the "Premises") and by a Security Agreement granting Payee a security interest in all inventory of Jumpin Jammerz, L.L.C., now and after-acquired along with their proceeds.**

Additional Terms and Conditions:

It is understood and agreed by and between Payor/Maker and Payee/Holder that in the event that Payor/Maker assigns, sells, conveys or transfers any right, title or interest in or to either property subject Premises, the entire unpaid principal balance plus accrued interest shall be immediately due and payable at the option of the Payee/Holder of the Note.

Payor reserves the right to prepay in whole or in part at any time without penalty.

Larger sums may be paid at any time if there is not default under this Note, but the payment of

11

any larger sums in addition to the payments required in this Note will not relieve Payor of the

**PROMISSORY NOTE.(continued)**

payment of the periodic installments provided for in this Note, unless it is specifically stipulated by Payees at the time of payment that any larger sums are to be applied to the advance payment of the periodic installments next maturing in the order of their due dates.

No delay by Payee or Holder in enforcing any covenant or right under this Note will be deemed a waiver of any covenant or right and no waiver by Payee or Holder of any particular provision of this Note will be deemed a waiver of any other provision or a continuing waiver of any particular provision, and except as so expressly waived in writing, all provisions will continue in full force and effect.

Should default be made in the payment of Principal and interest thereon, as above provided, or other default occur in the performance of or compliance with any of the covenants or conditions of said Deed of Trust, then in any such event the holder may, in addition to such other remedies or combination of remedies holder may have under law and equity, declare the whole sum of Principal and default interest immediately due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

In the event not sooner paid the entire unpaid Principal shall be all due and payable on or before Ten (10) years from the execution date of this Note. Payee/Holder in their sole discretion does reserve the right to re-negotiate this Note with the Maker upon request from Maker. This Note may not be changed orally, but only by an agreement in writing and signed by the party against whom enforcement or any waiver, change, modification or discharge is sought.

Should suit be brought on this Note, the prevailing party shall be entitled to reasonable attorneys' fees and costs in addition to any amount found due on this Note.

The makers and endorsers hereof severally waive diligence, demand, presentment for payment and protest, and consent to the extension of time of payment of this Note, without notice.

Upon Payor's repayment of Principal and interest, if any, to Payee, this Note shall terminate and Payee shall within thirty (30) days of receipt of the final payment, provide written acknowledgement that all liens, encumbrances, mortgages and/or deeds of trusts on the assets or real property of Payor, arising under this Note and Deed of Trust have been released.

Neither party shall assign their interests under this Promissory Note or Deed of Trust to any third party without written consent.

This Note shall be construed and enforced according to the laws of Arizona.

Whenever used in this Note, the terms "Holder," "Maker," "Payor" and "Payee" shall be construed in the singular or plural as the context may require.

12

Accepted and approved as to form and content:

Payor:

By _____  Date: 05/13/2014
Steve Pandi, Individually

By _____  Date: 05/13/2014
Steve Pandi, as sole Trustee of the Pandi Revocable Trust

By _____  Date: 05/13/2014
Steve Pandi, as sole Trustee of the Pandi Revocable Trust
which is the sole member of 21229 North 52nd Avenue, LLC

MICHAEL RIZZO
Notary Public - Arizona
Maricopa County
My Comm. Expires May 8, 2015

Accepted and approved as to form and content:

Payees:

_____  Date: May 7/2014
George Pandi, Individually with JTWRS

Efrosini Pandi, Individually with JTWRS  Date: _____

13

# Exhibit "B"

# Collateral

Lot 1, Crown Point, A Subdivision recorded in book 265 of maps, page 23, records of Maricopa County, Arizona;

Lot 130 of Estates at Arrowhead Phase One B, according to book 435 of maps, page 33, records of Maricopa County, Arizona and affidavit of correction recorded in document No. 97-143065, of official records; and

All of Debtor's inventory owned or controlled by Jumpin Jammerz, L.L.C., now owned or later acquired during the term of this Agreement, and in all the proceeds of such inventory.

14

# Exhibit "C"

## UCC-1 Financing Statement

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

> The Law Offices of Donald W. Hudspeth, P.C.
> c/o Scott Hodges
> 3200 N. Central Ave., Ste. 2500
> Phoenix, AZ 85012

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Jumpin Jammerz, L.L.C. | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Pandi | Steve | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2406 S. 24th St. | Phoenix | AZ | 85034 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Pandi | George & Efrosini | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 1 Somerset Crescent | Richmond Hill | ON | L4C 8N2 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:

All of Debtor's inventory owned or controlled by Jumpin Jammerz, L.L.C., now owned or later acquired during the term of the Security Agreement, and in all the proceeds of such inventory.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

16

WHEN RECORDED, MAIL TO:

Law Offices of
Donald W. Hudspeth, PC
3200 N. Central Ave.
Ste. 2500
Phoenix, AZ   85013
request of

STATE OF
ARIZONA
County of
Maricopa

}ss I hereby certify that the within instrument was recorded _____, 2014, in

Docket _____, Page_____, and indexed in Mortgages at the

_____
WITNESS MY HAND AND OFFICIAL SEAL

_____
County Recorder

Fee

No._____

By_____
Deputy Recorder

Fee_____

## DEED OF TRUST

TRUSTOR:   The Pandi Revocable Trust, established August 9, 2010, of which Steve Pandi is the current sole Trustee
**OR**
TRUSTOR: Steve Pandi

TRUSTOR'S MAILING ADDRESS: 6940 W. Voltaire., Peoria, Arizona 85381

BENEFICIARY: George Pandi and Efrosini Pandi, a married couple, as joint tenants with rights of survivorship

BENEFICIARY'S ADDRESS 1 Somerset Crescent Richmond Hill, Ontario L4C 8N2 CANADA

TRUSTEE:   Tom Pandi

PROPERTY: Lot 1, Crown Point, A Subdivision recorded in book 265 of maps, page 23, records of Maricopa County, Arizona.

This Deed of Trust made between the Trustor, Trustee, and Beneficiary above named,

**WITNESSETH:** That Trustor irrevocably grants and conveys to Trustee in Trust, with Power of Sale, the above described real property and all buildings, improvements, fixtures, personal property and accoutrements located thereon or hereinafter erected thereon, together with the leases, rents, issues, profits, or income thereof, (all of which are hereinafter called "property income"); SUBJECT, HOWEVER, to the right, power, and authority hereinafter given to and conferred upon Beneficiary to collect and apply such property income; AND SUBJECT TO covenants, conditions, restrictions, rights of way, and easements of record.

FOR THE PURPOSE OF SECURING:

A. Performance of each agreement of Trustor herein contained.

B. Payment of the indebtedness evidenced by promissory note or notes of even date herewith, and any extension or renewal thereof, in the principal sum of **$463,751.84** executed by Trustor in favor of Beneficiary or order.

C. Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:

1. To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged, or destroyed thereon, and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer, or permit any act upon said property in violation of law; and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2. To provide, maintain, and deliver to Beneficiary fire insurance policies satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to such notice.

3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses of Beneficiary and Trustee, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear or be named, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

4. To pay: before delinquent, all taxes and assessments affecting said property; when due, all encumbrances, charges, and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees, and expenses of this Trust, including, without limiting the generality of the foregoing, the fees of Trustee for issuance of any Deed of Partial Release and Partial Reconveyance or Deed of Release and Full Reconveyance, and all lawful charges, costs, and expenses in the event of reinstatement of, following default in, this Deed of Trust or the obligations secured, hereby.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof. Beneficiary or Trustee being authorized to enter upon said property for

such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest, or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel, and pay his reasonable fees.

     5. To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof, together with interest from date of expenditure at the same rate as is provided for in the note secured by this Deed of Trust or at the highest legal rate, whichever be the greater rate. Any amounts so paid by Beneficiary or Trustee shall become part of the debt secured by this Deed of Trust and a lien on said premises or shall become immediately due and payable at option of Beneficiary or Trustee.

IT IS MUTUALLY AGREED:

     6. That any award of damages in connection with any condemnation or any such taking, or for injury to the property by reason of public use, or for damages for private trespass or injury thereto, is assigned and shall be paid to Beneficiary as further security for all obligations secured hereby (reserving unto the Trustor, however, the right to sue therefor and the ownership thereof subject to this Deed of Trust), and upon receipt of such moneys Beneficiary may hold the same as such further security, or apply or release the same in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

     7. That time is of the essence of this Deed of Trust, and that by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

     8. That at any time or from time to time, and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said note(s) for endorsement, and without liability therefor, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, and without affecting the security hereof for the full amount secured hereby on all property remaining subject hereto, and without the necessity that any sum representing the value or any portion thereof of the property affected by the Trustee's action be credited on the indebtedness, the Trustee may: (a) release and reconvey all or any part of said property; (b) consent to the making and recording, or either, of any map or plat of the property or any part thereof; (c) join in granting any easement thereon; (d) join in or consent to any extension agreement or any agreement subordinating the lien, encumbrance or charge hereof.

     9. That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said note(s) to Trustee for cancellation, and upon payment of its fees, Trustee shall release and reconvey, without covenant or warranty, express or implied, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

     10. That as additional security, Trustor hereby gives to and confers upon

Beneficiary the right, power, and authority, during the continuance of this Trust, to collect the property income, reserving to Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such property income as it becomes due and payable. Upon any such default, Beneficiary may at any time, without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such property income, including that past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such property income, and the application thereof as aforesaid, shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to such notice.

11. That upon default by Trustor in the payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written notice thereof, setting forth the nature thereof, and of election to cause to be sold said property under this Deed of Trust. Beneficiary also shall deposit with Trustee this Deed of Trust, said note(s), and all documents evidencing expenditures secured hereby.

Trustee shall record and give notice of Trustee's sale in the manner required by law, and after the lapse of such time as may then be required by law, Trustee shall sell, in the manner required by law, said property at public auction at the time and place affixed by it in said notice of Trustee's sale to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone or continue the sale by giving notice of postponement or continuance by public declaration at the time and place last appointed for the sale. Trustee shall deliver to such purchaser its Deed conveying the property so sold, but without any covenant or warranty, expressed or implied. Any persons, including Trustor, Trustee, or Beneficiary, may purchase at such sale.

After deducting all costs, fees, and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale and reasonable attorney's fees, Trustee shall apply the proceeds of sale to payment of: All sums then secured hereby and all other sums due under the terms hereof, with accrued interest; and the remainder, if any, to the person or persons legally entitled thereto, or as provided in A.R.S. ' 33-812. To the extent permitted by law, an action may be maintained by Beneficiary to recover a deficiency judgment for any balance due hereunder. In Lieu of sale pursuant to the power of sale conferred hereby, this deed of trust may be foreclosed in the same manner provided by law for the foreclosure of mortgages on real property. Beneficiary shall also have all other rights and remedies available to it hereunder and at law or in equity. All rights and remedies shall be cumulative.

12. That Beneficiary may appoint a successor Trustee in the manner prescribed by law. A successor Trustee herein shall, without conveyance from the predecessor Trustee, succeed to all the predecessor's title, estate, rights, powers, and duties. Trustee may resign by mailing or delivering notice thereof to Beneficiary and Trustor.

13. That this Deed of Trust applies to, inures to the benefit of, and binds all parties

hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder of the note(s) secured hereby, whether or not named as Beneficiary herein. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and neuter, and the singular number includes the plural.

14. That Trustee accepts this Trust when this Deed of Trust duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any notice of Trustee's sale hereunder be mailed to him at his address hereinbefore set forth.

DATED: this 13 day of May , 2014

_____
Steve Pandi, on behalf of himself as Trustor, and as sole Trustee of the Pandi Revocable Trust, established August 9, 2010

STATE OF ARIZONA ⎫
County of Maricopa ⎰ ss.

This instrument was acknowledged before me this 13 day of May , 2014, by Steve Pandi in the capacity stated herein

MICHAEL RIZZO
Notary Public - Arizona
Maricopa County
My Comm. Expires May 8, 2015

5|8|2015
My commission will expire

_____
Notary Public

| YEAR | MONTH | Bank | Transaction ID # | Wired amount | Recipient |
|---|---|---|---|---|---|
| 2010 | 18-Jun | TD Canada Trust | 621205 | $ 25,500.00 | Steve Pandi |
| " " | 7-Jul | TD Canada Trust | 643260 | 3,000.00 | Steve Pandi |
| " " | 9-Jul | TD Canada Trust | 646541 | 8,913.30 | sheng hua |
| " " | 23-Jul | TD Canada Trust | 663285 | 2,000.00 | Steve Pandi |
| " " | 12-Aug | TD Canada Trust | 686624 | 9,000.00 | Suzhou Yibo textile -china |
| 2011 | 2-Sep | TD Canada Trust | 167142 | 20,000.00 | Suzhou Yibo textile -china |
| 2013 | 11-Feb | TD Canada Trust | Bank Statment | 25,000.00 | Steve Pandi -glndale purchase |
| 2013 | 25-Jul | TD Canada Trust | 22674 | 40,000.00 | Souzou Industrial-China |
| " " | 42941 | TD Canada Trust | 22674 | 7,700.00 | Jumpin Jammerz LLC |
| " " | 3-Aug | TD Canada Trust | 352384 | 17,000.00 | Jumpin Jammerz LLC |
| " " | 3-Aug | TD Canada Trust | 352384 | 17,000.00 | Jumpin Jammerz LLC |
| 2014 | 3-Mar | Scotia Bank | 63982 | 9,000.00 | SMT 2009 LLC |
|  | 6-Mar | TD Canada Trust | 140306B1201300 | 5,000.00 | Souzou Industrial-China |
| " " | 10-Mar | TD Canada Trust | 810991 | 8,971.48 | cohesian |
| " " | 11-Mar | TD Canada Trust | 309383 | 6,000.00 | Enterpreneur Opportunity Funds |
| " " | 11-Mar | TD Canada Trust | 309383 | 2,100.00 | PLU investment LLC |

| | | | | | |
|---|---|---|---|---|---|
| | | Trust | | | |
| " " | 11-Mar | TD Canada Trust | 309383 | 4,500.00 | Clear Funds LLC |
| " " | 13-Mar | TD Canada Trust | 312257 | 3,400.00 | ASC |
| " " | 17-Mar | TD Canada Trust | 319335 | 3,400.00 | ASC |
| " " | 5-Apr | TD Canada Trust | 350461 | 20,000.00 | Souzou Industrial-China |
| " " | 5-Apr | TD Canada Trust | 350462 | 129,500.00 | Jumpin Jammerz LLC |
| " " | 21-Apr | TD Canada Trust | 864175 | 3,200.00 | US Loan Servicing -LV |
| | | Sub-total April 2014 | | $ 370,184.78 | |
| 2014 | 21-Jun | TD Canada Trust | 460041 | 5,000.00 | Aken schenk |
| " " | 2-Jul | TD Canada Trust | 475106 | 4,000.00 | Bestit com inc |
| " " | 28-Aug | TD Canada Trust | 554565 | 15,000.00 | Steve Pandi |
| 2015 | 17-Mar | TD Canada Trust | 820645 | 8,000.00 | Magnus Aagency |
| 2016 | 15-Sep | TD Canada Trust | 483063 | 2,500.00 | qingdao xia-china |

# EXHIBIT E

# PROMISSORY NOTE

**Principal: US $463,751.84**                    Execution Date: _May 7, 2014_

For value received, **Steve Pandi, individually, the Pandi Revocable Trust established August 9, 2010 and 21229 North 52nd Avenue, LLC,** (collectively the "Payor" or "Maker") jointly and severally promise to pay in lawful money of the United States of America, to **George Pandi and Efrosini Pandi, a married couple, as joint tenants with rights of survivorship** (the "Payee"), the sum of: \*\*\* **Four Hundred Sixty-Three Thousand, Seven Hundred Fifty-One Dollars and 84/100\*\* DOLLARS ($463,751.84)** ("Principal").

Payment will be made in successive monthly installments of Three Thousand, Two Hundred Dollars US (US $3200.00) with the first installment being in the amount of $3,200.00. The first payment will be made on the fifteenth (15th) of the month following the execution of this promissory note (the "Note").

The Principal shall accrue interest at the rate of nineteen and ninety-nine hundredths percent (19.99%) per annum for one year as of the date of execution of the Note, and at the rate of five percent (5.00%) per annum thereafter until the principal of the Note is paid in full.

Installments not paid within thirty (30) days after they are due will be subject to, and it is agreed that Payee or Holder will collect a "late charge" of ten percent (10%) of the delinquent monthly payment on each delinquent installment.

If any payment is not made after the due date, the entire remaining unpaid balance due on this Note will become immediately due and payable at the option of Payee or Holder, without notice, time being of the essence, and the sum shall bear interest from that time until paid at the rate of ten percent (10%) per annum. Failure of Payee or Holder to exercise this option will not constitute waiver of the right to exercise the same in the event of any subsequent default.

Each maker and endorser agrees, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees, if this Note, including any installment payment, is not paid promptly when due and the same is given to the attorney for collection, whether suit be brought or not.

**THIS NOTE IS SECURED BY DEEDS OF TRUST real property located at 6940 W. Voltaire Ave., Peoria, AZ 85381 and 21229 N. 52nd Ave., Glendale, AZ 85308 (the "Premises") and by a Security Agreement granting Payee a security interest in all inventory of Jumpin Jammerz, L.L.C., now and after-acquired along with their proceeds.**

<u>Additional Terms and Conditions:</u>

It is understood and agreed by and between Payor/Maker and Payee/Holder that in the event that Payor/Maker assigns, sells, conveys or transfers any right, title or interest in or to either property subject Premises, the entire unpaid principal balance plus accrued interest shall be immediately due and payable at the option of the Payee/Holder of the Note.

Payor reserves the right to prepay in whole or in part at any time without penalty.

Larger sums may be paid at any time if there is not default under this Note, but the payment of any larger sums in addition to the payments required in this Note will not relieve Payor of the

1

## PROMISSORY NOTE.(continued)

*payment of the periodic installments provided for in this Note, unless it is specifically stipulated by Payees at the time of payment that any larger sums are to be applied to the advance payment of the periodic installments next maturing in the order of their due dates.*

No delay by Payee or Holder in enforcing any covenant or right under this Note will be deemed a waiver of any covenant or right and no waiver by Payee or Holder of any particular provision of this Note will be deemed a waiver of any other provision or a continuing waiver of any particular provision, and except as so expressly waived in writing, all provisions will continue in full force and effect.

Should default be made in the payment of Principal and interest thereon, as above provided, or other default occur in the performance of or compliance with any of the covenants or conditions of said Deed of Trust, then in any such event the holder may, in addition to such other remedies or combination of remedies holder may have under law and equity, declare the whole sum of Principal and default interest immediately due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

In the event not sooner paid the entire unpaid Principal shall be all due and payable on or before Ten (10) years from the execution date of this Note. Payee/Holder in their sole discretion does reserve the right to re-negotiate this Note with the Maker upon request from Maker. This Note may not be changed orally, but only by an agreement in writing and signed by the party against whom enforcement or any waiver, change, modification or discharge is sought.

Should suit be brought on this Note, the prevailing party shall be entitled to reasonable attorneys' fees and costs in addition to any amount found due on this Note.

The makers and endorsers hereof severally waive diligence, demand, presentment for payment and protest, and consent to the extension of time of payment of this Note, without notice.

Upon Payor's repayment of Principal and interest, if any, to Payee, this Note shall terminate and Payee shall within thirty (30) days of receipt of the final payment, provide written acknowledgement that all liens, encumbrances, mortgages and/or deeds of trusts on the assets or real property of Payor, arising under this Note and Deed of Trust have been released.

Neither party shall assign their interests under this Promissory Note or Deed of Trust to any third party without written consent.

This Note shall be construed and enforced according to the laws of Arizona.

Whenever used in this Note, the terms "Holder," "Maker," "Payor" and "Payee" shall be construed in the singular or plural as the context may require.

Accepted and approved as to form and content:

5/13/2014

MICHAEL RIZZO
Notary Public - Arizona
Maricopa County
My Comm. Expires May 8, 2015

**Payor:**

By _____ Date: May 13, 2014
Steve Pandi, Individually

By _____ Date: May 13, 2014
Steve Pandi, as sole Trustee of the Pandi Revocable Trust

By _____ Date: May 13, 2014
Steve Pandi, as sole Trustee of the Pandi Revocable Trust which
is the sole member of 21229 North 52nd Avenue, LLC

Accepted and approved as to form and content:

**Payees:**

_____
George Pandi, Individually with JTWRS

_____
Efrosini Pandi, Individually with JTWRS

Date: May 7, 2014

Date: _____

3

Case 2:16-bk-11585-SHG    Claim 17-1 Part 5    Filed 02/13/17    Desc Attachment 4
Page 3 of 3
Case 2:16-bk-11585-SHG    Doc 187    Filed 06/30/17    Entered 06/30/17 18:16:34    Desc
Main Document    Page 61 of 65

EXHIBIT F

# PROMISSORY NOTE

**Principal: US $463,751.84**          Execution Date: _May 7, 2014_

For value received, **Steve Pandi, individually, the Pandi Revocable Trust established August 9, 2010 and 21229 North 52nd Avenue, LLC,** (collectively the "Payor" or "Maker") jointly and severally promise to pay in lawful money of the United States of America, to **George Pandi and Efrosini Pandi, a married couple, as joint tenants with rights of survivorship** (the "Payee"), the sum of: *** **Four Hundred Sixty-Three Thousand, Seven Hundred Fifty-One Dollars and 84/100** DOLLARS ($463,751.84)** ("Principal").

Payment will be made in successive monthly installments of Three Thousand, Two Hundred Dollars US (US $3200.00) with the first installment being in the amount of $3,200.00. The first payment will be made on the fifteenth (15th) of the month following the execution of this promissory note (the "Note").

The Principal shall accrue interest at the rate of nineteen and ninety-nine hundredths percent (19.99%) per annum for one year as of the date of execution of the Note, and at the rate of five percent (5.00%) per annum thereafter until the principal of the Note is paid in full.

Installments not paid within thirty (30) days after they are due will be subject to, and it is agreed that Payee or Holder will collect a "late charge" of ten percent (10%) of the delinquent monthly payment on each delinquent installment.

If any payment is not made after the due date, the entire remaining unpaid balance due on this Note will become immediately due and payable at the option of Payee or Holder, without notice, time being of the essence, and the sum shall bear interest from that time until paid at the rate of ten percent (10%) per annum. Failure of Payee or Holder to exercise this option will not constitute waiver of the right to exercise the same in the event of any subsequent default.

Each maker and endorser agrees, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees, if this Note, including any installment payment, is not paid promptly when due and the same is given to the attorney for collection, whether suit be brought or not.

**THIS NOTE IS SECURED BY DEEDS OF TRUST real property located at 6940 W. Voltaire Ave., Peoria, AZ 85381 and 21229 N. 52nd Ave., Glendale, AZ 85308 (the "Premises") and by a Security Agreement granting Payee a security interest in all inventory of Jumpin Jammerz, L.L.C., now and after-acquired along with their proceeds.**

<u>Additional Terms and Conditions:</u>

It is understood and agreed by and between Payor/Maker and Payee/Holder that in the event that Payor/Maker assigns, sells, conveys or transfers any right, title or interest in or to either property subject Premises, the entire unpaid principal balance plus accrued interest shall be immediately due and payable at the option of the Payee/Holder of the Note.

Payor reserves the right to prepay in whole or in part at any time without penalty.

Larger sums may be paid at any time if there is not default under this Note, but the payment of

11

any larger sums in addition to the payments required in this Note will not relieve Payor of the

## PROMISSORY NOTE.(continued)

payment of the periodic installments provided for in this Note, unless it is specifically stipulated by Payees at the time of payment that any larger sums are to be applied to the advance payment of the periodic installments next maturing in the order of their due dates.

No delay by Payee or Holder in enforcing any covenant or right under this Note will be deemed a waiver of any covenant or right and no waiver by Payee or Holder of any particular provision of this Note will be deemed a waiver of any other provision or a continuing waiver of any particular provision, and except as so expressly waived in writing, all provisions will continue in full force and effect.

Should default be made in the payment of Principal and interest thereon, as above provided, or other default occur in the performance of or compliance with any of the covenants or conditions of said Deed of Trust, then in any such event the holder may, in addition to such other remedies or combination of remedies holder may have under law and equity, declare the whole sum of Principal and default interest immediately due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

In the event not sooner paid the entire unpaid Principal shall be all due and payable on or before Ten (10) years from the execution date of this Note. Payee/Holder in their sole discretion does reserve the right to re-negotiate this Note with the Maker upon request from Maker. This Note may not be changed orally, but only by an agreement in writing and signed by the party against whom enforcement or any waiver, change, modification or discharge is sought.

Should suit be brought on this Note, the prevailing party shall be entitled to reasonable attorneys' fees and costs in addition to any amount found due on this Note.

The makers and endorsers hereof severally waive diligence, demand, presentment for payment and protest, and consent to the extension of time of payment of this Note, without notice.

Upon Payor's repayment of Principal and interest, if any, to Payee, this Note shall terminate and Payee shall within thirty (30) days of receipt of the final payment, provide written acknowledge-ment that all liens, encumbrances, mortgages and/or deeds of trusts on the assets or real property of Payor, arising under this Note and Deed of Trust have been released.

Neither party shall assign their interests under this Promissory Note or Deed of Trust to any third party without written consent.

This Note shall be construed and enforced according to the laws of Arizona.

Whenever used in this Note, the terms "Holder," "Maker," "Payor" and "Payee" shall be construed in the singular or plural as the context may require.

Accepted and approved as to form and content:

Payor:

By _____ Date: 05/13/2014
Steve Pandi, Individually

By _____ Date: 05/13/2014
Steve Pandi, as sole Trustee of the Pandi Revocable Trust

By _____ Date: 05/13/2014
Steve Pandi, as sole Trustee of the Pandi Revocable Trust
which is the sole member of 21229 North 52nd Avenue, LLC

MICHAEL RIZZO
Notary Public - Arizona
Maricopa County
My Comm. Expires May 8, 2015

5/13/14

Accepted and approved as to form and content:

Payees:

_____ Date: May 7/2014
George Pandi, Individually with JTWRS

_____ Date: _____
Efrosini Pandi, Individually with JTWRS

13